UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLYE C. BROTHERS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | 1:05-cv-00809-AWI-TAG HC<br><br>ORDER TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies and may also have filed his Petition beyond the applicable one-year statute of limitations period. Petitioner's two claims do appear at this point to state cognizable constitutional claims.

**I. Statute of Limitations**.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-1044 (9th Cir.

1

2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 10, 2005; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that she was convicted on July 15, 2003, and that she did not undertake any direct appeal of her conviction. (Doc. 1, p. 1). Therefore, direct review concluded on September 13, 2003, when the sixty (60) day period for seeking review in the California Court of Appeal expired. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Lewis v. Mitchell, 173

1  F.Supp.2d 1057, 1060 (C.D. Cal. 2001); Cal.Rules of Court, rule 31(d).  Petitioner would then have
2  one year from September 13, 2003, or until September 13, 2004, within which to file her federal
3  petition for writ of habeas corpus. The instant petition was filed on June 3, 2005, approximately nine
4  months after the statute of limitations would have expired.  Thus, unless Petitioner is entitled to
5  either statutory or equitable tolling of the one-year statute, her petition is untimely under AEDPA.

6        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
7  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
8  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  See
9  Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one
10 "full round" of collateral review in state court without federal interference.  While the "full round" is
11 properly in progress, the AEDPA's one-year statute is tolled.).   Welch v. Carey, 350 F.3d 1079 (9th
12 Cir. 2003) *cert. denied by* Welch v. Carey, 2004 U.S. LEXIS 3930 (June 1, 2004).

13       Petitioner asserts that she sought collateral state review in Superior Court and the Court of
14 Appeal regarding her claims of unlawful search and seizure and inconsistent claims of the arresting
15 officers.  It also appears from the documents appended to the petition that Petitioner sought state
16 habeas relief in the California Supreme Court, which denied her petition on April 13, 2005.   Thus,
17 the claims would appear to be fully exhausted.

18       The same appended documents indicate that Petitioner commenced her state court habeas
19 proceedings by filing a habeas petition in the Superior Court on September 11, 2004, just two days
20 *before* the one-year statute of limitations period *would have expired*.  As mentioned, the state
21 supreme court denied her petition on April 13, 2005. At that point, Petitioner *still had two days left*
22 of the one-year limitations period within which to file her petition; however, in the absence of any
23 further tolling, Petitioner would have had to file her petition within two days, or on or before April
24 15, 2005, in order to be timely under AEDPA.  However, she did not file the instant petition until
25 June 3, 2005, some forty-nine days *after* the period appears to have expired.  Thus, it would appear
26 that the petition is untimely under AEDPA.

27       However, Petitioner may have filed additional state habeas proceedings that would entitled
28 Petitioner to further tolling under AEDPA that would make her petition timely, and Petitioner has

3

simply neglected to inform the Court of this fact.  Therefore, this Court will grant Petitioner leave to file an amended petition so that Petitioner may include the specific dates on which state court collateral proceedings were pending so that the Court can ascertain whether the statute of limitations has expired with respect to Petitioner's claims.

## II. Naming The Proper Respondent.

A petitioner seeking habeas corpus relief must name the state officer having custody of her as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.  *When a petitioner is on probation or parole, the proper respondent is her probation or parole officer and the official in charge of the parole or probation agency or state correctional agency*.  Id.

In this case, Petitioner asserts that she was on probation at the time of filing the instant petition.  Accordingly, the proper respondent would be her probation officer and the official in charge of the probation agency overseeing her probation.   The "People of the State of California" is not Petitioner's probation officer and the official in charge of the probation agency overseeing her probation, and thus is not the person having day-to-day control over Petitioner.

Petitioner therefore must file an amended petition, naming as Respondent the individual responsible for day-to-day control over Petitioner. See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner's failure to name her proper custodian as a respondent deprives this Court of personal jurisdiction to consider her petition.  Stanley, 21 F.3d at 360; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. In that amended petition, Petitioner must inform the Court what claims have been presented in the state courts in her state habeas corpus petitions, as well as the dates those petitions were filed, and the dates on which they were ruled upon, so that this Court can determine whether the original petition was filed within the one-year statute of limitations period;

2) Petitioner's Amended Petition must list the proper Respondent, as indicated above;

3) The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

**Petitioner is further advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth her claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in her amended petition of the dates when the state courts ruled on the issues Petitioner raised. The Court will not consider the original petition. Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed for Petitioner's failure to state a federal claim.**

IT IS SO ORDERED.

Dated:   **March 23, 2007**                              /s/ Theresa A. Goldner
**j6eb3d**                                               UNITED STATES MAGISTRATE JUDGE