UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KELLYE C. BROTHERS, | ) | 1:05-cv-00809-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 15) |
| v. | ) | |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on June 10, 2005.

DISCUSSION

A. Procedural Grounds for Motion to Dismiss

On February 4, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one year limitation period prescribed by 28 U.S.C. § 2244(d)(1). (Doc. 15). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

1

4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under Rule 4.

  B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on June 10, 2005, and thus, it is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, judgment was rendered on July 15, 2003 (Lodged Document ("LD") 1), and Petitioner did not file an appeal. Pursuant to the California Rules of Court, Petitioner had sixty days in which to file a notice of appeal. People v. Mendez, 19 Cal.4th 1084, 1086 (1999). Because Petitioner did not file a notice of appeal, her direct review concluded on September 13, 2003, when the sixty-day period for filing a notice of appeal expired. Thus, Petitioner had one year until September 14, 2004, in which to file her federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). As mentioned, the instant petition was filed on June 10, 2005, almost nine months after the limitations period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, her petition is untimely and should be dismissed.

    C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

3

at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005. However, the limitation period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, a petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821 (9th Cir. 2003).

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and

the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, the documents filed by Respondent along with the motion to dismiss establish that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Kern County ("Superior Court")on September 11, 2004, and denied on October 7, 2004 (LD 2, 3);[1] (2) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on December 26, 2004, and denied on January 6, 2005 (LD 4, 5); and (3) a petition filed in the California Supreme Court on February 7, 2005, and denied on April 13, 2005 (LD 6, 7).

Assuming, without deciding, that the Superior Court petition was properly filed within the meaning of the AEDPA, the filing of that petition tolled the running of the one year limitations period with only 3 days remaining of the one year period. At that point, any combination of four or more untolled days prior to the filing of the instant petition would mean that it is untimely.

Respondent has offered an analysis that relies on the Court's conclusion that the period between the denial of the first state petition in the Superior Court and the filing of the second petition in the 5th DCA was so lengthy that Petitioner is not entitled to statutory tolling for the interval. (Doc. 15, p. 4). However, the Court need not decide that issue because it is patent from the chronology recounted above that the petition is untimely. Assuming, without deciding, that all three petitions were properly filed and that Petitioner is entitled to interval tolling between the state petitions, she is still untimely because, following the California Supreme Court's denial of her last state petition on April 13, 2005, Petitioner delayed filing the original petition in this case until June 10, 2005, fifty-eight days later. As mentioned, at the time she filed her first state petition in the Superior Court, Petitioner had only three days remaining on her one-year limitation period. Accordingly, giving Petitioner the benefit of the doubt as to statutory tolling for all three of her state court petitions, as well as for the intervals in between those petitions, by delaying fifty-eight days to file her federal petition after the California Supreme Court denied her last state petition, Petitioner filed her federal petition fifty-five days *after* the one-year period had expired.

---

[1] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d at 1247 (9th Cir. 2001)

5

D. <u>Equitable Tolling</u>

The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998)(citing <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1997)); <u>Calderon v, United States District Court (Beeler)</u>, 128 F.3d 1283, 1288 (1997)(noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Id.</u>; <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner makes no claim of entitlement to equitable tolling and, indeed, the Court, in reviewing the record now before it, sees no basis for such a claim. Accordingly, Petitioner is not entitled to additional tolling based upon equitable principles.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 15), be GRANTED and the petition for writ of habeas corpus be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 23, 2008**                               **/s/ Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE